No. 5188.

JEAN MONTANE VS. BERTRAND SALOY.

Neither the sheriff, nor the seizing creditor, incurs any liability for damages for taking such measures as prudence dictates for the safe keeping of property under seizure.

A mortgagor cannot recover damages of the mortgagee for exercising in a lawful manner the rights vested in him by the consent and solemn contract of the mortgagor.

A party, suing for damages for wounded feelings, cannot recover when his own act exhibits an entire want of feeling, affection or sentiment.

APPEAL from the Fourth District Court of New Orleans. LYNCH, J.

*S. Belden* for Plaintiff. *C. E. Schmidt* for Defendant Appellant.

MARR, J. On April 28, 1860, John Montane, borrowed $6,250 of Bertrand Saloy for which he gave his promissory note, and to secure its payment executed a mortgage, in favor of Boulmay, a mere nominal party, or any future holder of the note, and the note was delivered to Saloy by the notary.

The property mortgaged consisted of real estate and slaves, among others a woman named Nanine and her daughter Flora, about eleven years of age.

The note was not paid at maturity, and Saloy took out executory process, under which the sheriff seized and sold the mortgaged property, and the whole was purchased by Saloy, and was conveyed and delivered to him by the sheriff and remained in his possession until after the occupation of the city of New Orleans by the Federal forces in May, 1862.

Montane applied to a provost marshal, who ordered Saloy to appear before him with the girl Flora; and he discharged her, free from the possession and control of Saloy.

In October, 1862, Montane, styling himself a free man of color, brought this suit, alleging that Saloy, knowing Flora to be the daughter of Montane, and that she had been sent to Cincinnati and baptized as a free person, had maliciously caused her to be arrested and put into the parish prison, where she was kept for six months to the disgrace of petitioner, and that he had incurred great expense in order to get her released. He claims of Saloy $2,000 in damages for his expenses and for the disgrace and shame to which he had been subjected.

Saloy answered by a general denial; and set up his title under the mortgage, and the sheriff's sale and conveyance to him.

The case was tried before a jury in 1874, and a verdict and judgment rendered in favor of plaintiff, for $435, from which Saloy appealed.

The testimony shows that Montane is utterly unworthy of belief; that his positive assertions are contradicted by a solemn notarial act and by other unquestioned proofs; that $1,100 of the money borrowed from Saloy were used to pay a judgment against him and that he lived in a state of concubinage with several of his female slaves, in the same building, at the same time, and among them was the mother of the girl Flora.

When the sheriff seized the mortgaged property, he necessarily took it into possession. If he thought it necessary to put the girl Flora into the parish prison for safe keeping, he simply did what the law authorized him to do; and he and his sureties would have been liable for her escape. There is no law which imposes any sort of liability on the sheriff, or on the seizing creditor, for taking such measures as prudence would suggest for the safe keeping of property

under seizure, and there was no way of effectually keeping safely slaves under seizure exept by putting them into prison.

If this girl was the daughter of Montane, as he states, he certainly manifested but little fatherly feeling in mortgaging her and her mother to Saloy.

In enforcing his mortgage and buying the girl Flora, and in taking and keeping her in his possession under his title as owner, Saloy not only did no wrong, but simply exercised his perfect legal rights under the then existing laws.

If the girl was not a slave at the time of the granting of the mortgage, then Montane practiced a gross and deliberate fraud on Saloy, If she was a slave at that time, and Montane afterwards sent her to Cincinnati, with the view to her emancipation and release from the mortgage, he was equally guilty of an attempted fraud upon the rights of Saloy. In neither case, and under no law, could Montane claim damages of Saloy for enforcing, by legal means and process, the legal rights granted him by this unnatural father, who was also the master and owner of his offspring.

We cannot permit the mortgagor to recover damages of the mortgagee for exercising, in a lawful manner, the lawful rights vested in him by the consent and solemn contract of the mortgagor. This heartless creature, who converted into property the fruit of his illicit lusts, had no feeling, no affection, no sentiment, to be wounded; and he has suffered no injury to his property, no pecuniary loss to serve as a basis for reparation in damages.

*Judgment reversed and for defendant.*